

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-26-00040-CR

ERICK KEVIN BELTRAN-TOVAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR14462, Honorable Bryan T. Bufkin, Presiding

March 24, 2026

## ORDER OF ABATEMENT AND REMAND

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Erick Kevin Beltran-Tovar, appeals from the trial court's judgment adjudicating him guilty of sexual assault of a child[1] and sentencing him to twenty years of confinement.[2]  Appellant's brief was due February 27, 2026, but was not filed.  By letter of March 6, 2026, we admonished Appellant's appointed counsel that failure to file a brief

---

[1] *See* TEX. PENAL CODE § 22.011.

[2] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE § 73.001.

by March 16, 2026, would result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. To date, Appellant's counsel has neither filed a brief nor had any further communication with this Court.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

1. whether Appellant still desires to prosecute the appeal;

2. whether Appellant is indigent;

3. if Appellant is not indigent, whether Appellant has made the necessary arrangements for filing a brief;

4. why a timely appellate brief has not been filed on behalf of Appellant;

5. whether Appellant's counsel has abandoned the appeal;

6. whether Appellant has been denied the effective assistance of counsel;

7. whether new counsel should be appointed; and

8. if Appellant desires to continue the appeal, the date the Court may expect Appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by April 23, 2026. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint new counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

2

Should Appellant's counsel file a brief on or before the date the trial court acts per our directive, he shall immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.